UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL M. SCHAEFER, JR.,

                              Petitioner,

              -against-

FELIPE MARTINEZ,

                              Respondent.

22-CV-1712 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner is currently incarcerated in the Metropolitan Detention Center in Brooklyn, New York (MDC Brooklyn), serving a sentence arising from his conviction in the United States District Court for the Eastern District of Missouri. *United States v. Schaefer*, No. 15-CR-317 (E.D. Mo. Mar. 11, 2016). He brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the execution of his federal sentence. Petitioner alleges that he was disciplined for absconding from his halfway house, even though, in fact, he had been struck by a car while returning to the halfway house, and he was in a coma at Lincoln Memorial Hospital in the Bronx, at the time of the disciplinary determination. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

In order to entertain a *habeas corpus* petition under section 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). The jurisdiction of a *habeas* corpus action challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("Whenever a § 2241 *habeas* petitioner seeks to challenge his present custody . . ., he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Smalling*, 644 F. App'x 3, 5 (2d Cir. 2016) (summary order)

(holding that a challenge to the execution of a prisoner's sentence "must be brought against the BOP in the district in which [the prisoner] is incarcerated.")

Petitioner is currently incarcerated  at MDC Brooklyn, which is located in Kings County, within the Eastern District of New York. 28 U.S.C.§ 112(c). The Court therefore transfers this petition, in the interest of justice, to the United States District Court for Eastern District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:    March 2, 2022
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

2